**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**LAKESHA PORTER**                                                                        **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 3:24CV298-RP**

**OZARK MOTOR LINES, INC., et al.**                                      **DEFENDANTS**

**ORDER GRANTING PARTIAL MOTION TO DISMISS**

This matter is before the court on Ozark Motor Lines, Inc.'s Partial Motion to Dismiss requesting the dismissal of the plaintiff's claims against the individual defendant, Mario Jones, on the grounds that Jones has not been served with process.   ECF 38.   The plaintiff opposes the motion.   The court finds the motion is well taken and should be granted.

The plaintiff Lakesha Porter brought this action on June 14, 2024 in the Circuit Court of DeSoto County, Mississippi against the defendants Ozark Motor Lines, Inc. and Mario Jones seeking the recovery of damages allegedly sustained as a result of a collision between a vehicle the plaintiff was driving and a tractor-trailer being driven by Jones in the course and scope of his employment with Ozark Motor Lines.   Ozark Motor Lines removed the case to this court on September 23, 2024.   Being unable locate and serve process on Jones, the plaintiff requested an extension of time to do so, and on October 21, 2024 the court granted the plaintiff an extension until December 11, 2024 to serve process on Jones.   The December 11, 2024 deadline passed without the plaintiff serving process on Jones or requesting additional time to do so.   On December 18, 2024 Ozark Motor Lines filed the present motion to dismiss the plaintiff's claims against Jones for insufficient service of process.   In response, the plaintiff admits that she has not served Jones and she requests yet additional time to do so.   As of this date, it appears the

1

plaintiff still has not served process on Jones.

Under Federal Rule of Civil Procedure 4(m), if a defendant is not served with process within the time permitted, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The rule states further, "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

To establish good cause for an extension, a plaintiff has the burden of demonstrating "*at least* as much as much as would be required to show excusable neglect …" *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (emphasis in original). "Excusable neglect" is an "elastic concept," and the determination of what is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *McCarthy v. Thaler*, 376 F.App'x 442, 444 (5th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Factors relevant to this inquiry include: "'the danger of prejudice to the non-movant, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).

In the present case, the court can discern no prejudice to the plaintiff if the claims against Jones are dismissed. Ozark Motor Lines concedes that it will be vicariously liable for any negligence of Jones that caused the plaintiff's injury, and the plaintiff makes no suggestion that Ozark Motor Lines will be unable to satisfy any judgment entered against it in this case. The

2

plaintiff filed her complaint over seven months ago, and although the court has no reason to
believe the plaintiff has knowledge of Jones's location and has acted in bad faith in failing to
serve Jones, the plaintiff does not specify what efforts she has undertaken to locate and serve
Jones in the time since the court granted an extension.   Nor does the plaintiff indicate that she
has any expectation of locating and serving Jones if the court were to grant another extension,
which was not requested until after the deadline had passed and then only in response to the
present motion to dismiss.   The court finds the plaintiff has not established good cause for
another extension.

Even if, as in this case, the plaintiff lacks good cause, the court has discretion to extend
the time for service.   *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008).
"A discretionary extension may be warranted, 'for example, if the applicable statute of
limitations would bar the refiled action, or if the defendant is evading service or conceals a
defect in attempted service.'"   *Id.* (quoting FED. R. CIV. P. 4(m), advisory committee's note
(1993)).   The collision in this case having occurred on or about August 23, 2023, Mississippi's
three-year residual statute of limitations for personal injury actions is far from expired.   *See*
MISS. CODE. ANN. § 15-1-49.   There is also no suggestion that Jones is evading service or
concealing a defect in attempted service.   Under all the relevant circumstances, the court finds
that a discretionary extension is not warranted, and that dismissal of the plaintiff's claims against
Jones is appropriate.

For these reasons, Ozark Motor Lines, Inc.'s Partial Motion to Dismiss is GRANTED,
and the plaintiff's claims against the individual defendant, Mario Jones, are hereby DISMISSED
without prejudice.

SO ORDERED, this, the 18th day of February, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

4